UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTINE O'GRADY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TACOMA GENERAL HOSPITAL, WASHINGTON CORRECTION CENTER FOR WOMEN, JOHN/JANE DOES,<br><br>　　　　　　　Defendants. | CASE NO. C14-5128 RJB-KLS<br><br>ORDER TO AMEND COMPLAINT OR SHOW CAUSE |

*Pro se* Plaintiff Kristine O'Grady, proceeding *in forma pauperis,* brings this 42 U.S.C. § 1983 civil rights action alleging that her civil rights were violated when a doctor at Tacoma General Hospital (TGH) and unidentified medical personnel at the Washington Correction Center for Women (WCCW) failed to provide appropriate medical treatment. Dkt. 5, p. 3. The Court declines to serve the complaint because it contains pleading deficiencies. As discussed below, the Court **ORDERS** Plaintiff to show cause – by filing an amended complaint by **March 28, 2014** – why this matter should not be dismissed for failure to state a claim.

## BACKGROUND

Plaintiff alleges that on February 19, 2011, an unidentified doctor at TG injured her intestine during a liver biopsy. The next day, she declared a medical emergency at WCCW because of pain in her stomach. An unidentified nurse told her that it was gas and that she

should return to her cell. Dkt. 5, p. 3. The following day, on February 21, 2011, Plaintiff called another medical emergency and an unidentified nurse told her she did not know why Plaintiff was having pain and she sent Plaintiff back to her cell. On February 23, 2011, Plaintiff called a third medical emergency when she found blood in her stool. An unidentified nurse told Plaintiff it was gas. A couple of hours later, Plaintiff had a seizure and Doctor Anderson at WCCW called 911. Plaintiff alleges that she was sent to two different hospitals, that she had surgery, was given two blood transfusions and placed on medication. It is unclear where this treatment occurred. Plaintiff claims that she still has pain where her intestines were perforated, and that she has not yet been given hepatitis C treatment, although she also alleges that Doctor Walter [last name unclear in pleading] at WCCW told her that she did not need such treatment. *Id.*

Plaintiff seeks hepatitis C treatment and compensation for "pain and suffering, alone [sic] with medical bills." *Id.*, at 4. Plaintiff states that there is a grievance procedure available at WCCW, but that she did not file any grievances concerning the facts relating to her complaint because she "was sick." *Id.*, p. 2.

## DISCUSSION

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To sustain a § 1983 action, a plaintiff must show (a) that she suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In general, a § 1983 plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a defendant cannot be held liable solely on the basis of supervisory responsibility or position. *See City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436

U.S. 658, 691–94 (1978).  Generally, private parties do not act under color of state law.  *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Plaintiff's complaint suffers from deficiencies that, if not corrected in an amended complaint, require dismissal.  In the amended complaint, Plaintiff must write out short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  Plaintiff is further advised as follows.

**A.     Liability of Parties**

**(1)     Washington Corrections Center for Women (WCCW)**

Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 48, 71 (1989).  This rule applies equally to state agencies.  See *Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir.1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.1991).  Because it is not a person within the meaning of 42 U.S.C. § 1983, Plaintiff has not stated a claim against the WCCW.  Plaintiff's claim against the WCCW is also barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent.  See *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir.1996).  Eleventh Amendment immunity extends to state agencies.  *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101–102 (1984).  Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983.  *Quern v.*

1  *Jordan*, 440 U.S. 332 (1979).  Washington has not waived the protection of the Eleventh

2  Amendment.  *Edgar v. State*, 92 Wash.2d 217, 595 P.2d 534 (1979).  Therefore, the WCCW

3  would be entitled to dismissal with prejudice.

4        Plaintiff must name the individual or individuals within the WCCW who caused or

5  personally participated in causing her harm.  She must describe what each individual did, when

6  they did it, and describe how this harmed her.  In addition, Plaintiff is advised that while

7  damages must be sought against a person in their individual capacity, injunctive relief must be

8  sought against a person in their official capacity.  *See, Edelman v. Jordan*, 415 U.S. 651, 677

9  (1974).  Thus, to the extent Plaintiff seeks injunctive relief, she must do so against an

10  individual(s) in his/her official capacity.

11        2)      **Private Physicians and Hospitals**

12        Plaintiff alleges that an unidentified doctor at TG injured her intestine during a liver

13  biopsy.  However, the Ninth Circuit has consistently determined that private hospitals and

14  doctors in § 1983 claims fail to come within the color of state law. *See Briley v. State of Cal.*,

15  564 F.2d 849, 855–56 (9th Cir.1977) (private hospitals not acting under color of state law unless

16  the state is significantly involved in the private party's activities); *Watkins v. Mercy Med. Center*,

17  520 F.2d 894, 896 (9th Cir.1975).

18        The Supreme Court has concluded in the prison context that private individuals who

19  contract with the state to provide services to inmates can, in some circumstances, be considered

20  state actors.  For example, a physician under contract to provide medical services to inmates was

21  a state actor for purposes of § 1983.  *West v. Atkins*, 487 U.S. 42, 55–56, 108 S.Ct. 2250, 101

22  L.Ed.2d 40.  The court found determinative the fact that the state had a duty to provide adequate

23  medical care to prisoners and that the state had delegated this duty to a private contractor.  *Id*.

24

1  Here, however, Plaintiff has not plead facts sufficient from which it may be determined
2  that the unidentified doctor or TG were "under contract" with the state or that they were
3  obligated to treat Plaintiff because of her status as an inmate.  Plaintiff must show cause why her
4  claims against TG should not be dismissed.

5         **3)**       **John/Jane Doe Defendants**

6  A plaintiff must set forth the specific factual basis upon which she claims each defendant
7  is liable.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  As noted above, Plaintiff has
8  failed to state a cause of action under 42 U.S.C. ¶ 1983 against WCCW or TG.  There are no
9  other defendants.  The only other persons referred to within the body of the complaint are nurses
10 and doctors at the WCCW, identified by Plaintiff only as "John" or "Jane Does."  However,
11 these parties have not been named as defendants.  In addition, the use of "John Doe" to identify a
12 defendant is not favored.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980).   Although a
13 plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown
14 defendants through discovery, the use of Doe defendants is problematic because those persons
15 cannot be served with process in this matter until they are identified by their real names.
16 Therefore, unless and until Plaintiff can name an individual defendant or defendants, this lawsuit
17 cannot be served on anyone.

18 **B.**       **Exhaustion of Remedies**

19 The PLRA at 42 U.S.C. § 1997e(a) mandates that:

20     No action shall be brought with respect to prison conditions under section 1983 of
    this title, or any other Federal law, by a prisoner confined in any jail, prison or
21     other correction facility, until such administrative remedies as are available are
    exhausted.
22
    In interpreting § 1997(e)(a), the United States Supreme Court determined that Congress
23
enacted the provision in order to reduce the quantity and improve the quality of prisoner suits.
24

ORDER TO AMEND COMPLAINT OR SHOW CAUSE- 5

*Porter v. Nussle*, 534 U.S. 516 (2002).  By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally, often resulting in the correction of administrative problems, the filtering out of frivolous claims, and ultimately a clear record of the controversy.  *Id*.  Where exhaustion was once discretionary, it is now mandatory.  *Id*.  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Id*. (*quoting Booth v. Churner*, 532 U.S. 731 (2001)).  § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences.  *Porter* at 520.   Inmates must fully exhaust administrative remedies and must do so in a timely manner.  *Woodford v. Ngo*, 548 U.S. 81 (2006).  Failure to exhaust administrative remedies generally results in dismissal without prejudice.  *Wyatt*, 315 F.3d at 1120.

Plaintiff acknowledges in her complaint that she did not file any grievance relating to the matters described in her complaint and states that she did not file any grievances because she "was sick."  Dkt. 5, p. 2.  This explanation does not provide enough facts upon which it may be determined that Plaintiff did not file this lawsuit prematurely.  Plaintiff must show cause why this lawsuit should not be dismissed without prejudice for failure to exhaust.

Plaintiff may file an amended complaint to cure the deficiencies noted herein.  Plaintiff shall present the amended complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference.  Plaintiff should complete all sections of the Court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

1 | The Court will not authorize service of the amended complaint on any defendant who is not
2 | specifically linked to the violation of Plaintiff's rights.

3 | If Plaintiff decides to file an amended civil rights complaint in this action, she is
4 | cautioned that if the amended complaint is not timely filed or if he fails to adequately address the
5 | issues raised herein on or before **March 28, 2014**, the Court will recommend dismissal of this
6 | action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under
7 | 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who
8 | brings three or more civil actions or appeals which are dismissed on grounds they are legally
9 | frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil
10 | action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious
11 | physical injury."  28 U.S.C. § 1915(g).

12 | **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**
13 | **1983 civil rights complaint and for service.  The Clerk is further directed to send copies of**
14 | **this Order and Pro Se Instruction Sheet to Plaintiff**.

15 | **DATED** this 26th day of February, 2014.

*[signature]*

Karen L. Strombom
United States Magistrate Judge