UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTINE O'GRADY, <br><br> Plaintiff, <br><br> v. <br><br> TACOMA GENERAL HOSPITAL, WASHINGTON CORRECTION CENTER FOR WOMEN, JOHN/JANE DOES, <br><br> Defendants. | No. C14-5128 RJB-KLS <br><br> **REPORT AND RECOMMENDATION** <br> **Noted For: April 25, 2014** |

*Pro se* Plaintiff Kristine O'Grady, proceeding *in forma pauperis,* brings this 42 U.S.C. § 1983 civil rights action alleging that her civil rights were violated when a doctor at Tacoma General Hospital (TGH) and unidentified medical personnel at the Washington Correction Center for Women (WCCW) failed to provide appropriate medical treatment. Dkt. 5, p. 3. The Court noted several deficiencies in the complaint and declined to serve it. The Court ordered Plaintiff to file an amended complaint or to show cause why her complaint should not be dismissed for failure to exhaust administrative remedies. Her deadline for responding to the Court's Order was March 28, 2014. On April 7, 2014, the Clerk received a letter from Plaintiff, in which she provides the names of two doctors. Dkt. 9. Plaintiff has not submitted an amended complaint or otherwise responded in a meaningful manner to the Court's Order. The Court recommends that the complaint be dismissed without prejudice prior to service for failure to state a claim.

REPORT AND RECOMMENDATION - 1

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on February 19, 2011, an unidentified doctor at TG injured her intestine during a liver biopsy. The next day, she declared a medical emergency at WCCW because of pain in her stomach. An unidentified nurse told her that it was gas and that she should return to her cell. Dkt. 5, p. 3. The following day, on February 21, 2011, Plaintiff called another medical emergency and an unidentified nurse told her she did not know why Plaintiff was having pain and she sent Plaintiff back to her cell. On February 23, 2011, Plaintiff called a third medical emergency when she found blood in her stool. An unidentified nurse told Plaintiff it was gas. A couple of hours later, Plaintiff had a seizure and Doctor Anderson at WCCW called 911. Plaintiff alleges that she was sent to two different hospitals, that she had surgery, was given two blood transfusions and placed on medication. It is unclear where this treatment occurred. Plaintiff claims that she still has pain where her intestines were perforated, and that she has not yet been given hepatitis C treatment, although she also alleges that Doctor Walter [last name unclear in pleading] at WCCW told her that she did not need such treatment. *Id*. Plaintiff seeks hepatitis C treatment and compensation for "pain and suffering, alone [sic] with medical bills." *Id.*, at 4. Plaintiff states that there is a grievance procedure available at WCCW, but that she did not file any grievances concerning the facts relating to her complaint because she "was sick." *Id.*, p. 2. In her recent letter, Plaintiff names two individuals she states are "doctors that are part of the defendants in my case at Tacoma General." Dkt. 9. It is unknown whether these doctors are employed by the Tacoma General Hospital or at WCCW.

**DISCUSSION**

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from

REPORT AND RECOMMENDATION - 2

such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To sustain a § 1983 action, a plaintiff must show (a) that she suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In general, a § 1983 plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a defendant cannot be held liable solely on the basis of supervisory responsibility or position.  *See City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94 (1978).  Generally, private parties do not act under color of state law.  *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).  Plaintiff's complaint should be dismissed for the following reasons.

**A.     Liability of Parties**

**(1)     Washington Corrections Center for Women (WCCW)**

Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 48, 71 (1989).  This rule applies equally to state agencies.  *See Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir.1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.1991).  Because the WCCW is not a person within the meaning of 42 U.S.C. § 1983, Plaintiff has not stated a claim against the WCCW.  Plaintiff's claim against the WCCW is also barred by the Eleventh Amendment as the immunity extends to state agencies.  *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101–102 (1984).  Washington has not waived the protection of the Eleventh Amendment.  *Edgar v. State*, 92 Wash.2d 217, 595 P.2d 534 (1979).

REPORT AND RECOMMENDATION - 3

2) **Private Physicians and Hospitals**

Plaintiff alleges that an unidentified doctor at TG injured her intestine during a liver biopsy. However, the Ninth Circuit has consistently determined that private hospitals and doctors in § 1983 claims fail to come within the color of state law. *See Briley v. State of Cal.*, 564 F.2d 849, 855–56 (9th Cir.1977) (private hospitals not acting under color of state law unless the state is significantly involved in the private party's activities); *Watkins v. Mercy Med. Center*, 520 F.2d 894, 896 (9th Cir.1975).

The Supreme Court has concluded in the prison context that private individuals who contract with the state to provide services to inmates can, in some circumstances, be considered state actors. For example, a physician under contract to provide medical services to inmates was a state actor for purposes of § 1983. *West v. Atkins*, 487 U.S. 42, 55–56, 108 S.Ct. 2250, 101 L.Ed.2d 40. The court found determinative the fact that the state had a duty to provide adequate medical care to prisoners and that the state had delegated this duty to a private contractor. *Id.*

Plaintiff has not plead facts sufficient from which it may be determined that the unidentified doctor or TG were "under contract" with the state or that they were obligated to treat Plaintiff because of her status as an inmate. She was ordered to file an amended complaint or show cause why her claims against TG should not be dismissed. She has not done so.

3) **John/Jane Doe Defendants**

A plaintiff must set forth the specific factual basis upon which she claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). As noted above, Plaintiff has failed to state a cause of action under 42 U.S.C. ¶ 1983 against WCCW or TG. There are no other defendants. The only other persons referred to within the body of the complaint are nurses and doctors at the WCCW, identified by Plaintiff only as "John" or "Jane Does." However,

REPORT AND RECOMMENDATION - 4

these parties have not been named as defendants.  In addition, the use of "John Doe" to identify a defendant is not favored.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980).   As noted above, Plaintiff has provided the names of two doctors, but it is not known if these individuals work at WCCW.  In addition, Plaintiff has plead no facts relating to these individuals.

Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process in this matter until they are identified by their real names.  Therefore, unless and until Plaintiff can name an individual defendant or defendants, this lawsuit cannot be served on anyone.  In addition, and even if Plaintiff can name individual defendants, this lawsuit must be dismissed because it has been prematurely filed.

**B.     Exhaustion of Remedies**

The PLRA at 42 U.S.C. § 1997e(a) mandates that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correction facility, until such administrative remedies as are available are exhausted.

In interpreting § 1997(e)(a), the United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. 516 (2002).  By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally, often resulting in the correction of administrative problems, the filtering out of frivolous claims, and ultimately a clear record of the controversy.  *Id*.  Where exhaustion was once discretionary, it is now mandatory.  *Id*.  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Id*. (*quoting Booth v. Churner*, 532 U.S. 731

REPORT AND RECOMMENDATION - 5

(2001)). § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences. *Porter* at 520. Inmates must fully exhaust administrative remedies and must do so in a timely manner. *Woodford v. Ngo*, 548 U.S. 81 (2006). Failure to exhaust administrative remedies generally results in dismissal without prejudice. *Wyatt*, 315 F.3d at 1120.

Plaintiff acknowledges in her complaint that she did not file any grievance relating to the matters described in her complaint and states that she did not file any grievances because she "was sick." Dkt. 5, p. 2. This explanation does not provide enough facts upon which it may be determined that Plaintiff did not file this lawsuit prematurely. Plaintiff was given an opportunity to show cause why this lawsuit should not be dismissed without prejudice for failure to exhaust, but she has failed to do so.

## CONCLUSION

This case should be **dismissed without prejudice.** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 25, 2014,** as noted in the caption.

**DATED** this 8th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge