UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTINE O'GRADY,

                    Plaintiff,

        v.

TACOMA GENERAL HOSPITAL,
a/k/a MULTICARE MEDICAL
CENTER, TACOMA GENERAL
EMERGENCY MEDICAL CARE,
WASHINGTON CORRECTION
CENTER FOR WOMEN'S HEALTH
CLINIC, MARY COLTER, PAM
SAARI, JEFF PERRY,

                    Defendants.

CASE NO. C14-5128 RJB-KLS

**REPORT AND RECOMMENDATION
NOTED FOR:  OCTOBER 31, 2014**

*Pro se* Plaintiff Kristine O'Grady, proceeding *in forma pauperis,* brings this 42 U.S.C. §

1983 civil rights action.  The Court recommends that this action be dismissed without prejudice

prior to service for failure to state a claim.

## BACKGROUND

In the original complaint filed in February 2014, Plaintiff alleges that on February 19,

2011, an unidentified doctor at TG injured her intestine during a liver biopsy.   The next day, she

declared a medical emergency at Washington Correction Center for Women (WCCW) because

1   of pain in her stomach.  An unidentified nurse told her that it was gas and that she should return

2   to her cell. Dkt. 5, p. 3.  The following day, on February 21, 2011, Plaintiff called another

3   medical emergency and an unidentified nurse told her she did not know why Plaintiff was having

4   pain and she sent Plaintiff back to her cell.  On February 23, 2011, Plaintiff called a third

5   medical emergency when she found blood in her stool.  An unidentified nurse told Plaintiff it

6   was gas.  A couple of hours later, Plaintiff had a seizure and Doctor Anderson at WCCW called

7   911.  Plaintiff alleges that she was sent to two different hospitals, that she had surgery, was given

8   two blood transfusions and placed on medication.  It is unclear where this treatment occurred.

9   Plaintiff claims that she still has pain where her intestines were perforated, and that she has not

10  yet been given hepatitis C treatment, although she also alleges that Doctor Walter (last name

11  unclear in pleading) at WCCW told her that she did not need such treatment.  *Id.*

12      Plaintiff seeks hepatitis C treatment and compensation for "pain and suffering, alone [sic]

13  with medical bills."  *Id.*, at 4.  Plaintiff states that there is a grievance procedure available at

14  WCCW, but that she did not file any grievances concerning the facts relating to her complaint

15  because she "was sick."  *Id.*, p. 2.

16      The Court declined to serve the original complaint because it did not state facts or name

17  parties sufficient to state a claim under 42 U.S.C. § 1983.  On February 26, 2014, the Court

18  granted Plaintiff leave to amend and provided detailed guidance for Plaintiff's use in amending

19  her complaint. Dkt. 6.  When Plaintiff failed to respond, the undersigned recommended that this

20  action be dismissed without prejudice.  Dkt. 10.  Thereafter, Plaintiff moved for a continuance

21  and submitted an amended complaint.  Dkts. 11 and 12.  Although the amended complaint did

22  not cure the deficiencies set forth in the Court's Order, it appeared from Plaintiff's letter that she

23  was waiting on medical records that might enable her to cure the deficiencies in her complaint.

24  Therefore, the District Judge declined to adopt the report and recommendation and re-referred

1    the matter to the undersigned for further consideration.  Dkt. 13.  The District Judge also granted

2    "Plaintiff a short continuance (until June 20, 2014) in order that she may review her medical

3    records and file an amended complaint, if appropriate, that cures the deficiencies set forth in the

4    Order to Show Cause.  Dkt. 13, p. 2.

5         On June 19, 2014, Plaintiff requested an extension of time to file her amended complaint.

6    Dkt. 15.  The Court granted Plaintiff a two month extension, until August 22, 2014.  Dkt. 16.  On

7    August 22, 2014, Plaintiff requested yet another extension.  Dkt. 17.  On September 2, 2014, the

8    Court granted Plaintiff another extension, until October 2, 2014.  Dkt. 18.  The Court specifically

9    noted that there would be **no further extensions** of Plaintiff's deadline.  *Id.*, p. 2 (emphasis in

10   original).   The Court also noted that the names of the nurses who allegedly failed to provide

11   Plaintiff with necessary medical care should be readily available to her through records

12   maintained by the DOC.  She was also advised that she is not required to prove her claim at this

13   stage in the litigation, but is required to name the parties she seeks to sue.  *Id.*, p. 1.

14        On October 2, 2014, Plaintiff submitted an amended complaint.  She names Tacoma

15   General Hospital a/k/a Multicare Medical Center, Tacoma General Hospital's Emergency

16   Medical Care, and Washington Correction Center for Women's Health even though she was

17   previously advised that these entities are not proper parties to a § 1983 suit.  Plaintiff also names

18   Mary Colter, Pam Saari, and Jeff Perry, who are identified as "at" the WCCW clinic.  The

19   amended complaint is otherwise devoid of any factual allegations regarding the identity of these

20   individuals much less what they allegedly did or did not do to violate Plaintiff's constitutional

21   rights.  In addition, Plaintiff seeks another extension of time to file yet another complaint

22   because she has not received all of her medical records.  Dkt. 19.

23   //

24   //

**DISCUSSION**

1   

2  The Court will dismiss a complaint at any time if the action fails to state a claim, raises

3  frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from

4  such relief. *See* 28 U.S.C. § 1915(e)(2)(B).  To sustain a § 1983 action, a plaintiff must show (a)

5  that she suffered a violation of rights protected by the Constitution or created by federal statute,

6  and (b) that the violation was proximately caused by a person acting under color of state or

7  federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In general, a § 1983

8  plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a

9  defendant cannot be held liable solely on the basis of supervisory responsibility or position. *See*

10  *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436

11  U.S. 658, 691–94 (1978).  Generally, private parties do not act under color of state law. *Price v.*

12  *Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

13  **A.**     **Liability of Parties**

14         **(1)       Washington Corrections Center for Women (WCCW)**

15  Plaintiff was previously advised that her claims against WCCW are subject to dismissal.

16  However, she again names the WCCW as a defendant.  Neither states nor state officials acting in

17  their official capacities are persons for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of*

18  *State Police*, 491 U.S. 48, 71 (1989).  This rule applies equally to state agencies. *See Kaimowitz*

19  *v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir.1991); *Johnson v. Rodriguez*,

20  943 F.2d 104, 108 (1st Cir.1991).  Because it is not a person within the meaning of 42 U.S.C. §

21  1983, Plaintiff has not stated a claim against the WCCW.  Plaintiff's claim against the WCCW is

22  also barred by the Eleventh Amendment.

23         The Eleventh Amendment to the United States Constitution bars a person from suing a

24  state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida*, 517

1  U.S. 44 (1996); *Natural Resources Defense Council v. California Dep't of Transportation*, 96

2  F.3d 420, 421 (9th Cir.1996).  Eleventh Amendment immunity extends to state agencies.

3  *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101–102 (1984).  Eleventh Amendment

4  immunity is not automatically waived in actions brought under 42 U.S.C. § 1983.  *Quern v.*

5  *Jordan*, 440 U.S. 332 (1979).  Washington has not waived the protection of the Eleventh

6  Amendment.  *Edgar v. State*, 92 Wash.2d 217, 595 P.2d 534 (1979).  Therefore, the WCCW

7  and/or WCCW Clinic must be dismissed from this action.

8         2)     **Private Physicians and Hospitals**

9         Plaintiff was also previously advised that she cannot sue private doctors and hospitals in

10  this § 1983 case.  However, she again names private hospitals and clinics as defendants with no

11  factual allegations showing that these entities were acting under color of law.  The Ninth Circuit

12  has consistently determined that private hospitals and doctors in § 1983 claims fail to come

13  within the color of state law. *See Briley v. State of Cal.*, 564 F.2d 849, 855–56 (9th Cir.1977)

14  (private hospitals not acting under color of state law unless the state is significantly involved in

15  the private party's activities); *Watkins v. Mercy Med. Center*, 520 F.2d 894, 896 (9th Cir.1975).

16         The Supreme Court has concluded in the prison context that private individuals who

17  contract with the state to provide services to inmates can, in some circumstances, be considered

18  state actors.  For example, a physician under contract to provide medical services to inmates was

19  a state actor for purposes of § 1983.  *West v. Atkins*, 487 U.S. 42, 55–56, 108 S.Ct. 2250, 101

20  L.Ed.2d 40.  The court found determinative the fact that the state had a duty to provide adequate

21  medical care to prisoners and that the state had delegated this duty to a private contractor.  *Id.*

22         Plaintiff was previously advised that she must plead facts from which it may be

23  determined that the private medical facilities are "under contract" with the state or that they were

24

1  obligated to treat Plaintiff because of her status as an inmate.  She has again failed to do so and

2  these entities should be dismissed from this action.

3           **3)        Individual Defendants**

4           Plaintiff was previously advised that she must name the individual or individuals within

5  the WCCW who caused or personally participated in causing her harm.  The Court told her that

6  she must describe what each individual did, when they did it, and describe how this harmed her.

7  The Court also noted that Plaintiff does not need her medical records to provide facts relating to

8  her contention that medical staff at WCCW failed to provide her with necessary medical care.

9  Despite several extensions of time and guidance in this regard, Plaintiff has again failed to

10 provide sufficient facts to state a claim under 42 U.S.C. § 1983.  In her latest amendment,

11 Plaintiff simply lists the names of three individuals "@ Washington Correction Center for

12 Women – Clinic." Dkt. 19, p. 1.  There are absolutely no factual allegations describing who

13 these individuals are, what they did or did not do, and how they harmed her.  The complaint

14 should be dismissed.

15 **B.    Exhaustion of Remedies**

16          The PLRA at 42 U.S.C. § 1997e(a) mandates that no action shall be brought with respect

17 to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

18 confined in any jail, prison or other correction facility, until such administrative remedies as are

19 available are exhausted.  This provision was enacted to reduce the quantity and improve the

20 quality of prisoner suits. *Porter v. Nussle*, 534 U.S. 516 (2002).  By mandating exhaustion,

21 Congress enabled corrections officials to address prisoner complaints internally, often resulting

22 in the correction of administrative problems, the filtering out of frivolous claims, and ultimately

23 a clear record of the controversy.  *Id.*  Where exhaustion was once discretionary, it is now

24 mandatory.  *Id.*  "All 'available' remedies must now be exhausted; those remedies need not meet

federal standards, nor must they be 'plain, speedy, and effective.'" *Id*. (*quoting Booth v. Churner*, 532 U.S. 731 (2001)).

Section 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences. *Porter* at 520.   Inmates must fully exhaust administrative remedies and must do so in a timely manner. *Woodford v. Ngo*, 548 U.S. 81 (2006).  Failure to exhaust administrative remedies generally results in dismissal without prejudice. *Wyatt*, 315 F.3d at 1120.

Plaintiff acknowledges that she did not file any grievance relating to the matters described in her complaint but claims that she failed to do so because she "was sick."  Dkt. 5, p. 2.  Plaintiff was previously advised that she had failed to provide sufficient facts from which the Court may determine whether she filed this lawsuit prematurely and she was ordered to show cause why this lawsuit should not be dismissed without prejudice for failure to exhaust.  Plaintiff has provided no facts to explain why she did not first exhaust her judicial remedies prior to filing this lawsuit.

**CONCLUSION**

This case should be dismissed without prejudice.  Plaintiff has failed to state a cognizable claim under 42 US.C. § 1983 although she has been given more than ample opportunity and guidance to do so.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time //

1  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October**

2  **31, 2014,** as noted in the caption.

3

4          **DATED** this <u>15th</u> day of October, 2014.

5

6                                                              Karen L. Strombom
                                                               United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24